UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REDWATER ASSOCIATES INC.,

Plaintiff,

v.

WELLS FARGO BANK, N.A., et al.,

Defendants.

CASE NO. C15-5111 BHS

ORDER DENYING PLAINTIFF'S
MOTION FOR TEMPORARY
RESTRAINING ORDER

This matter comes before the Court on Plaintiff Redwater Associates, Inc.'s
("Redwater") motion for temporary restraining order (Dkt. 11). The Court has considered
the pleadings filed in support of and in opposition to the motion and the remainder of the
file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On January 9, 2015, Redwater filed a complaint in Pierce County Superior Court
for the State of Washington against Defendants Wells Fargo Bank, N.A. ("Wells Fargo"),
Federal National Mortgage Association ("Fannie Mae"), and Northwest Trustee Services,
Inc. ("Northwest") (collectively "Defendants"). Dkt. 1, Exh. A. Redwater asserts claims
for violations of the Washington Deed of Trust Act, RCW Chapter 61.24 ("DTA"),
breach of contract, unjust enrichment, failure to comply with the duty of good faith,
breach of the Washington Consumer Protection Act, RCW Chapter 19.86 ("CPA"), and
for a declaratory judgment. *Id.*

1    On February 20, 2015, Wells Fargo and Fannie Mae removed the matter to this

2  Court.  Dkt. 1.

3    On March 5, 2015, Redwater filed a motion for temporary restraining order.  Dkt.

4  11.  On March 6, 2015, Northwest responded.  Dkt. 16.  On March 9, 2015, Wells Fargo

5  and Fannie Mae responded (Dkt. 17) and filed a request for judicial notice (Dkt. 18).

6                              **II. FACTUAL BACKGROUND**

7    On February 25, 2002, Bridget Baldwin ("Baldwin") executed a deed of trust

8  listing HLC Finance, Inc. ("HLC") as the lender ("2002 DOT").  Dkt. 18, Exh. A.  The

9  2002 DOT secured the real property commonly known as 7238 Interlaaken Dr. S.W.,

10  Lakewood, WA 98499, and was recorded as Pierce County Auditor's File No.

11  200202250990.  *Id.*

12    On April 13, 2009, Baldwin executed a second deed of trust to the Estate of

13  Donald Mayberry.  *Id.*, Exh. B.  The second deed of trust was recorded as Pierce County

14  Auditor's File No. 200904131102.  *Id.*  That same day, Baldwin granted a statutory

15  warranty deed in lieu of foreclosure to the Estate of Donald Mayberry.  *Id.*, Exh. C. The

16  statutory warranty deed in lieu of foreclosure was recorded as Pierce County Auditor's

17  File No. 200904131124.  *Id.*

18    On August 23, 2010, HLC recorded an assignment of deed of trust, assigning the

19  2002 DOT to Wells Fargo Bank (doing business as Americas Servicing Company).  *Id.*,

20  Exh. D. The assignment was recorded as Pierce County Auditor's File No.

21  201008230061.  *Id.*

22

1    On March 3, 2012, Northwest, successor trustee under the 2002 DOT, recorded a

2 notice of trustee's sale.  *Id*., Exh. E.  The notice of trustee's sale was recorded as Pierce

3 County Auditor's File No. 201203070420.  *Id*.

4    On May 22, 2012, Dirk M. Mayberry, Inc. executed a deed of trust in favor of

5 Redwater.  *Id*., Exh. F. The deed of trust was recorded as Pierce County Auditor's File

6 No. 201205220006.  *Id*.

7    In May 2012, Baldwin filed for bankruptcy under Western District of Washington

8 Bankruptcy Court Cause No. 2:12-bk-15587.  *Id*., Exh. G.  The bankruptcy caused an

9 automatic stay of the pending trustee's sale date.

10    On June 1, 2012, Dirk M. Mayberry, Inc. quitclaimed the property to Redwater in

11 lieu of foreclosure.  *Id*., Exh. H.  The quitclaim deed was recorded as Pierce County

12 Auditor's File No. 201206010702.  *Id*.

13    On October 8, 2014, Northwest recorded a second notice of trustee's sale

14 scheduling a foreclosure sale date for February 6, 2015.  *Id*., Exh. K.  The second notice

15 of trustee's sale was recorded as Pierce County Auditor's File No. 201410080307.  *Id*.

16 The non-judicial foreclosure sale is currently scheduled for March 13, 2015.  Dkt. 13,

17 Declaration of Jason Anderson, ¶ 6(c).

18                              **III. DISCUSSION**

19    Defendants move the Court to deny Redwater's motion for both procedural and

20 substantive reasons.  With regard to the former, Defendants argue that Redwater has

21 failed to meet the notice requirement of Fed. R. Civ. P. 65(b) and Local Rule 65.  *See*

22

1    Dkt. 16.  Redwater, however, has given sufficient notice to Defendants and Defendants

2    have had an opportunity to respond.  Therefore, this issue is moot.

3         With regard to the substantive arguments, Redwater has failed to meet its burden

4    to show that it is entitled to the extraordinary relief of a temporary restraining order.  To

5    obtain preliminary relief, the moving party must show: (1) a likelihood of success on the

6    merits; (2) a likelihood of irreparable harm to the moving party in the absence of

7    preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and

8    (4) that an injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc.*,

9    555 U.S. 7, 20 (2008).

10        While Redwater may have a colorable argument on the element of irreparable

11   injury, Redwater has failed to provide the Court with any argument on the element of

12   success on the merits.  Redwater simply asserts that a "parallel motion . . . will likely" be

13   filed shortly because a verified complaint was not filed.  Dkt. 11, at 4 n.1. This is a

14   complete failure to meet the requisite burden on an essential element of preliminary

15   relief.  Therefore, the Court denies Redwater's motion.

16                                   **IV. ORDER**

17        Therefore, it is hereby **ORDERED** that Redwater's motion for temporary

18   restraining order (Dkt. 11) is **DENIED**.

19        Dated this 11th day of March, 2015.

20

21                                   _____
                                     BENJAMIN H. SETTLE
                                     United States District Judge

22